IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,636 & AP-75,637






EX PARTE MICHAEL WAYNE MCCOLLUM, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 20557-B AND 20558-B IN THE 336TH JUDICIAL DISTRICT
COURT FROM FANNIN COUNTY




 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of aggravated assault, and was sentenced to eighteen years' imprisonment for each charge, to run
concurrently. 

 Applicant filed pro se notices of appeal in both of these causes, and appellate counsel was
appointed. The court of appeals notified appellate counsel that the notices of appeal were defective
because they did not contain the trial court's certification of Applicant's right to appeal, as required
by Rule 25.2(d) of the Texas Rules of Appellate Procedure. Appellate counsel did not obtain or file
the certifications, and Applicant's direct appeals were dismissed. McCollum v. State, Nos. 06-03-00049-CR and 06-03-00050-CR (Tex. App. - Texarkana, July 29, 2003).

 Applicant contends inter alia that his appellate counsel rendered ineffective assistance
because he failed to cure deficiencies in the notices of appeal by obtaining and filing the trial court's
certifications of Applicant's right to appeal in these causes. We remanded this application to the trial
court for findings of fact and conclusions of law.

 The trial court has determined that trial counsel was ineffective for failing to obtain the trial
court's certification of Applicant's right to appeal. The trial court suggests that Applicant was not
harmed by appellate counsel's error, because appellate counsel determined that the appeals lacked
merit. However, when appellate counsel's constitutionally deficient performance wholly deprives
a defendant of an appeal that he otherwise would have taken, the defendant is not required to show
some likelihood of success on appeal in order to be entitled to an out-of-time appeal. Ex parte
Owens, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006). Appellate counsel, knowing that Applicant
wished to appeal these convictions, had a duty to obtain the trial court's certifications of Applicant's
right to appeal. If appellate counsel believed that there were no meritorious grounds for appeal, he
should have followed the procedure set out in Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493,
87 S. Ct. 1396 (1967)(adopted by this Court in Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim.
App. 1969).

 We find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals 

of the judgments of conviction in Cause Nos. 20557-B and 20558-B from the 336th Judicial District
Court of Fannin County. Applicant is ordered returned to that time at which he may give written
notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time
limits shall be calculated as if the sentences had been imposed on the date on which the mandate of
this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take
affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate
of this Court issues.


Delivered: March 21, 2007

Do Not Publish