

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00119-CR

**JUSTIN AMAR BELL,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-2046-C2**

## MEMORANDUM  OPINION

A jury found Justin Bell guilty of possession of a controlled substance (under one gram), and Bell was assessed a two-year prison sentence.  Bell's appellate counsel filed an *Anders* brief presenting three potential issues that he determined are without merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Although informed of his right to do so, Bell did not file a *pro se* brief or response.  The State did not file a brief.  We will affirm.

In an *Anders* case, we must, "after a full examination of all the proceedings, []

decide whether the case is wholly frivolous." *Id.* at 744, 87 S.Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *see generally Villanueva v. State*, 209 S.W.3d 239, 243-44 (Tex. App.—Waco 2006, no pet.).  An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact."  *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).  Arguments are frivolous if they "cannot conceivably persuade the court."  *Id*. at 426, 108 S.Ct. at 1901. An appeal is not frivolous if based on "arguable grounds."  *Stafford,* 813 S.W.2d at 511.

Appellate counsel first addresses whether the trial court abused its discretion in denying Bell's motion to suppress.

> To suppress evidence on an alleged violation of Fourth Amendment rights, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct.  *Ford v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  A defendant satisfies this burden by establishing that a search or seizure occurs without a warrant.  *Id.*  Once the defendant makes this showing, the burden shifts to the State, which must then establish that the search or seizure was conducted with a warrant or was reasonable.  *Id.*

*Haas v. State,* 172 S.W.3d 42, 49 (Tex. App.—Waco 2005, pet. ref'd).

> A trial court's denial of a motion to suppress is reviewed for abuse of discretion.  *Oles v. State,* 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). . . .

> The trial court's findings of fact are given "almost total deference," and in the absence of explicit findings, the appellate court assumes the trial court made whatever appropriate implicit findings that are supported by the record.  *Carmouche v. State,* 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); *Guzman v. State,* 955 S.W.2d 85, 89-90 (Tex. Crim. App. 1997).  However, the application of the relevant law to the facts, including Fourth Amendment search and seizure law, is reviewed *de novo*. *Carmouche,* 10 S.W.3d at 327. Also, when the facts are undisputed and we are presented with a pure question of law, *de novo* review is proper. *Oles,* 993 S.W.2d at 106. Thus, for example, when the issue to be determined on appeal is whether an officer had probable cause, "the trial judge is not in

an appreciably better position than the reviewing court to make that determination." *Guzman*, 955 S.W.2d at 87. Therefore, although due weight should be given to the inferences drawn by trial judges and law enforcement officers, determinations of matters such as reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *Id.* (citing *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).

*Davis v. State*, 74 S.W.3d 90, 94-95 (Tex. App.—Waco 2002, no pet.).

A law enforcement officer may lawfully stop a motorist who commits a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In general, the decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Wolf v. State*, 137 S.W.3d 797, 801 (Tex. App.—Waco 2004, no pet.); *see also Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).

*Haas*, 175 S.W.3d at 49-50.

The evidence in the suppression hearing shows that a Waco police officer pulled over a car in which Bell was a passenger at 3:10 a.m. in a high-crime area of Waco. The officer testified that he pulled over the car because he could not read the license plate because the license plate's lightbulb was dangling on its wire and emitting its glare outward so that the officer could not read the license plate from a fifty-foot distance. Failure to have a light that illuminates the rear license plate and makes the plate clearly legible at a distance of 50 feet from the rear is a traffic violation. *See* TEX. TRANSP. CODE ANN. §§ 542.301(a), 547.322(f) (Vernon 1999).

The officer gave admittedly inconsistent testimony about when he was able to read and run the plate number and whether he drove up or walked up to it to initially read it, but he did consistently maintain that, because of dangling bulb, the plate was

not legible from fifty feet.  In a suppression hearing, the trial court is the sole trier of fact and judge of the witnesses and the weight to be given their testimony, and may believe or disbelieve all or any part of a witness's testimony.  *Ross v. State,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  No findings of fact were requested or made, and in denying the motion to suppress, the trial court impliedly believed the officer's testimony about the legibility of the license plate.  We must view the evidence in the light most favorable to the trial court's ruling.  *Kelly v. State,* 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). Accordingly, we agree with counsel that the trial court's denial of the motion to suppress at the suppression hearing or when it was reurged at trial is not an issue that might arguably support an appeal.

Next, appellate counsel addresses whether the evidence is legally and factually sufficient to support the conviction and concludes that it is sufficient.  When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).  Any inconsistencies in the evidence are resolved in favor of the verdict.  *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly

wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7.

The State was required to prove beyond a reasonable doubt that Bell knowingly or intentionally possessed a controlled substance (here, crack cocaine) in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003). The Court of Criminal Appeals has provided the following explanation for the "so-called 'affirmative links' rule":

> [I]n a possession of a controlled substance prosecution, "the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. This is the so-called "affirmative links" rule which protects the innocent bystander—a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to someone else's drugs. Mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs. However, presence or proximity, when combined with other evidence, either direct or circumstantial (*e.g.*, "links"), may well be sufficient to establish that element beyond a reasonable doubt. It is, as the court of appeals correctly noted, not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial.

*Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006) (quoting *Evans v. State*, 185 S.W.3d 30, 34 (Tex. App.—San Antonio 2005)) (footnotes omitted). Thus, there must be direct or circumstantial evidence establishing that Bell exercised control, management,

or care over the controlled substance and knew it was contraband. *See id.*

The evidence showed that after the officer had pulled over the car, he discovered that an arrest warrant had been issued for Bell. The officer handcuffed Bell and then saw Bell reach into his pocket, pull out a small plastic bag, and drop it. Field-testing and lab testing showed the substance in the bag to be cocaine. We agree with counsel that sufficiency of the evidence is not an issue that might arguably support an appeal.[1]

Bell's counsel last addresses whether two testimonial references by the officer to Bell's prior hearing for revocation of community supervision (in which the officer appears to have given testimony on the offense before us) caused reversible error. On each occasion Bell's trial counsel objected and asked the trial court to instruct the jury to disregard the officer's statement. The trial court gave the instruction to disregard both times but denied the follow-up mistrial requests.

> [T]he question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis. A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. Of course, the harm analysis is conducted in light of the trial court's curative instruction. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.

*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *see also Archie v. State,* 221 S.W.3d 695, 699-700 (Tex. Crim. App. 2007). Thus, the appropriate test for evaluating whether the trial court abused its discretion in overruling a motion for mistrial is a

---

[1] Bell's counsel also concludes that, if any error occurred during voir dire, no harm can be shown. We agree.

tailored version of the test originally set out in *Mosley v. State*, 983 S.W.2d 249, 259-60 (Tex. Crim. App. 1998). *See Hawkins*, 135 S.W.3d at 77. Those factors are: (1) the prejudicial effect, (2) curative measures, and (3) the certainty of conviction absent the misconduct. *Id.*; *see Mosley*, 983 S.W.2d at 259.

In this case, the evidence of guilt was strong, and the two references to the revocation hearing appear to have been inadvertently made and were not so prejudicial that continuation of the trial would be a waste of time and expense and ultimately futile. Moreover, such references were curable by an instruction to the jury to disregard. Accordingly, we agree with counsel that the trial court's mistrial denials are not an issue that might arguably support an appeal.

We have also conducted an independent review of the record, and because we find this appeal to be wholly frivolous, we affirm the judgment. Counsel must send Bell a copy of our decision by certified mail, return receipt requested, at Bell's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Bell of his right to file a *pro se* petition for discretionary review. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva*, 209 S.W.3d at 249. We grant counsel's motion to withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4.

REX D. DAVIS
Justice

Before Chief Justice Gray,

Justice Reyna, and
Justice Davis
(Chief Justice Gray concurs in the judgment of the court to the extent it affirms the judgment of the trial court. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed December 9, 2009
Do not publish
[CR25]