

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00412-CR

**JAMES MONROE LANG,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

<hr>

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 05-06031-CRF-85

<hr>

## MEMORANDUM OPINION

<hr>

A jury convicted James Monroe Lang of driving while intoxicated, with a child passenger under the age of fifteen. The trial court sentenced Lang to two years in State jail. Lang's appellate counsel filed an *Anders* brief presenting one potential issue. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Although informed of his right to do so, Lang did not file a *pro se* brief. Nor did the State file a brief. We affirm.

In one potential issue, appellate counsel addresses whether Lang received ineffective assistance of counsel, identifying several instances when counsel acted or failed to act which Lang now contends were improper.

To prove ineffective assistance, an appellant must show that: (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003). The record is silent as to any reasons explaining trial counsel's actions and we will not so speculate. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Absent a record revealing trial counsel's strategy or motivation, Lang cannot defeat the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance. *Id*. An ineffective assistance claim is better raised through an application for a writ of habeas corpus. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

## INDEPENDENT REVIEW

Having conducted an independent review of the record, we find this appeal to be wholly frivolous. We affirm the judgment. Pursuant to Rule of Appellate Procedure 48.4, counsel must send Lang a copy of our decision by certified mail, return receipt requested, at Lang's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Lang of his right to file a *pro se* petition for discretionary review. *Id*.; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.). We grant counsel's motion to withdraw,

effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance."  *See* Tex. R. App. P. 48.4.

                                                    FELIPE REYNA
                                                    Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed March 31, 2010
Do not publish
[CR25]

*      (Chief Justice Gray concurs in the judgment to the extent it affirms the trial court judgment.  A separate opinion will not issue.)