**Ex parte Brian Keith OWENS, Applicant.**

No. AP–74996.

Court of Criminal Appeals of Texas.

Sept. 13, 2006.

Rehearing Denied Nov. 15, 2006.

Russell J. Wright, Silsbee, for appellant pro se.

Sue Korioth, Special Prosecutor, Dallas, Matthew Paul, State's Attorney, Austin, for the State.

### OPINION

PRICE, J., delivered the opinion of the Court in which JOHNSON, KEASLER, HERVEY and HOLCOMB, JJ., joined.

In this post-conviction application for a

writ of habeas corpus,[1] the applicant claims that his appellate counsel did not inform him of his right to file a pro se petition for discretionary review. We filed and set the applicant's application for writ of habeas corpus to determine whether this Court's holding in *Ex parte Wilson*[2] requires appellate counsel to inform his client of the client's right to file a *pro se* petition for discretionary review in this Court when appellate counsel filed an *Anders* brief in the court of appeals. We conclude that filing an *Anders* brief in the court of appeals does not relieve counsel of the duty under *Wilson* to inform the defendant that he has a right to file a *pro se* petition in this Court.

## I. The Facts and Procedural History

A Tyler County jury convicted the applicant of aggravated sexual assault of a child. Appellate counsel filed an *Anders* brief in the court of appeals. Along with the *Anders* brief, appellate counsel filed a motion to withdraw from representation. The applicant filed a separate *pro se* brief. The court of appeals affirmed the conviction in a memorandum opinion and dismissed appellate counsel's motion to withdraw.[3] No petition for discretionary review was filed from the judgment of the court of appeals.

Some time later, the applicant filed his application for writ of habeas corpus alleging, among other claims,[4] that appellate counsel failed to notify him of his right to file a petition for discretionary review. In support of his claim, the applicant attached to his application a letter from appellate counsel, written after the applicant's conviction had been affirmed by the court of appeals. Counsel's letter appears to be in response to a letter sent by the applicant to appellate counsel, but a copy of the applicant's letter is not attached or found elsewhere in the record. The letter said in relevant part:

I received you letter of July 1, 2003, and in answer to question No. 1, I think your chance of Habeas Corpus is much better than your chance on a direct appeal. On Habeas Corpus grounds you will have a much better chance of arguing under undue influence on witnesses and jurors lying about knowledge of the case as opposed to an ineffective assistance of counsel claim. The makeup of the current Texas Court of Criminal Appeals is Pro–State and the chances of a new trial are probably fairly slim.

\* \* \*

I wish you the best of luck seeking your relief under Habeas Corpus. If there is anything I can do in that regard please do not hesitate to write.[5]

In response to the writ application, the State sought an affidavit from appellate counsel. Counsel's affidavit stated:

After reviewing the record, I determined that there were no issues that could be successfully argued on appeal due to the state of the appellate record. I advised [the applicant] of my conclusions by letter and [the applicant's] mother of my opinions in person and by telephone. I encouraged them both to

1. Tex.Code Crim. Pro. art. 11.07.

2. 956 S.W.2d 25 (Tex.Crim.App.1997).

3. *Owens v. State*, No. 10–02–00124–CR, 2003 WL 21468571 (Tex.App.-Waco 2003) (not designated for publication).

4. The applicant also claimed that (1) the jury that convicted him was unconstitutionally selected and empaneled, (2) a juror who was empaneled engaged in misconduct, (3) his trial counsel was ineffective, and (4) prosecutors in the case engaged in misconduct.

5. *Sic passim.*

hire an attorney to file a writ of habeas corpus for him after the appeal was over. I did not discuss with [the applicant] or his mother filing a petition for discretionary review because, in my professional opinion, a petition for discretionary review would have no chance of being granted and would simply have extended the time [the applicant] would have to wait in prison before filing a writ of habeas corpus that might have a chance of succeeding in reversing his conviction.

The trial court recommended denying relief. We filed and set the cause to determine whether appellate counsel is required to comply with *Wilson* if counsel has filed an *Anders* brief on direct appeal. We remanded the cause for a determination of indigency, for the appointment of writ counsel if necessary, and for additional briefing by the parties. The cause is now back before us for decision.

## II. The Law

In *Ex parte Wilson*, we modified our prior holding with respect to what is required of appellate counsel before he concludes his representation of a defendant on direct appeal. A history of the case law leading up to *Wilson*, and beyond, is helpful to our inquiry whether *Wilson* requires appellate counsel to inform the applicant of his right to file a *pro se* petition for discretionary review following *Anders* proceedings in the court of appeals.

In *Ayala v. State*,[6] the court-appointed appellate attorney filed an *Anders* brief.

The court of appeals agreed with appointed counsel that the appeal was "wholly frivolous and without merit."[7] Appellate counsel then filed a petition for discretionary review in this Court, but assigned no particular grounds for review, asking only that this Court "examine the record for error."[8] In the body of the petition, appellate counsel conceded that he was identifying no particular grounds for review, but had filed a petition because his client "demanded" that he do so.[9] This Court wrote an opinion for the express purpose of holding that an appellant has no right—constitutional or otherwise—to have an attorney file a petition for discretionary review after a court of appeals has affirmed the conviction. We noted, however, that an appellant is not necessarily without a remedy in the event that appellate counsel deprives him of his right to file a *pro se* petition for discretionary review by promising to file one on his behalf and then failing to do so.[10] We concluded that those circumstances might give rise to a due process violation.[11]

In *Ex parte Jarrett*,[12] we held that appellate counsel's duty to his client extends beyond the rendition of judgment by the court of appeals since, under state law, "the judgment of an intermediate appellate court in a criminal case does not become final at once."[13] Until the appellate judgment does become final, we held, "the appellate lawyer still represents his client and remains under a duty to provide him with satisfactory legal counsel."[14] To pass

---

6.  633 S.W.2d 526 (Tex.Crim.App.1982).

7.  *Id.*, at 527.

8.  *Ibid.*

9.  *Ibid.*

10.  *Id.*, at 528 n. 4.

11.  *Ibid.*

12.  891 S.W.2d 935, 941 (Tex.Crim.App.1995) (opinion denying State's motion for rehearing).

13.  *Id.*, at 944.

14.  *Ibid.*

constitutional muster, that legal counsel must meet an objective standard of reasonableness under the Sixth Amendment.[15] We acknowledged that appellate counsel had no constitutional obligation to represent the appellant in a petition for discretionary review.[16] But in denying the State's motion for rehearing, we left intact our holding on original submission that "appellate counsel does have the duty ... to advise the appellant of the possibility of review by this Court as well as expressing his professional judgment as to possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review."[17]

Two years later, however, in *Ex parte Wilson*, the Court revisited *Jarrett*.[18] Appellate counsel in *Wilson* had contacted the appellant when the court of appeals issued its opinion denying his appeal, had sent him a copy of that opinion, and had informed him "that he did not believe a petition for discretionary review would have any merit."[19] The particular question upon which we filed and set Wilson's writ application was whether *Jarrett*'s holding should be applied retroactively to grant Wilson relief.[20] Rather than decide that question, however, we modified the holding of *Jarrett* itself. We held that appellate "[c]ounsel may not deny the defendant the right or opportunity to avail himself of discretionary review, but counsel need not discuss the merits of such review because a defendant has no right to counsel for discretionary review."[21] Still, we did not disturb the core holding of *Jarrett*, that "[i]f appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."[22] After *Wilson*, an appellate lawyer need not prepare a petition for discretionary review for his client, nor even advise him of the merits or advisability of seeking such review, in order to render constitutionally sufficient assistance of counsel. But he must not neglect to timely inform his client that he has the right to seek such review, or in any way obstruct his client from doing so, by omission or commission.

Most recently, in *Ex parte Crow*,[23] we held that the failure of appellate counsel to follow the requirements of *Wilson* will be measured by a Sixth Amendment standard for prejudice that is more "limited" than the ordinary standard that *Strickland v. Washington* calls for.[24] Errors subject to such a "limited" analysis for prejudice, we said, "are rare, but include deficient conduct that results in the deprivation of an entire judicial proceeding, such as an appeal."[25] The appellant need not show that the proceeding that counsel's ineffectiveness deprived him of would have resulted

---

15. *Ibid.*, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

16. *Ibid.*

17. *Ex parte Jarrett*, 891 S.W.2d 935, at 940 (Tex.Crim.App.1994) (opinion on original submission).

18. 956 S.W.2d 25.

19. *Id.*, at 27.

20. *Id.*, at 26.

21. *Id.*, 27.

22. *Id.*, at 26.

23. 180 S.W.3d 135 (Tex.Crim.App.2005).

24. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

25. 180 S.W.3d, at 137–38. *See also, Johnson v. State*, 169 S.W.3d 223, at 231–232, 235–236 (Tex.Crim.App.2005).

in a favorable outcome; he need only show that he was deprived of that proceeding and that he would have availed himself of the proceeding had his counsel's conduct not caused a forfeiture.[26] We applied this "limited" prejudice requirement to the failure of appellate counsel to inform the applicant of his right to pursue a petition for discretionary review, noting that although an appellant has no right to discretionary review, he has an absolute right to "attempt to persuade us to exercise our discretion." [27]

### III. Analysis

■ We fail to perceive any principled reason that our holding in *Wilson* should not apply equally to an appellant whose attorney files an *Anders* brief. As our opinion in *Crow* recognized, the harm that occurs from the failure to timely inform the appellant of his right to file a petition for discretionary review is that he is deprived of the benefit of an entire proceeding, or at least of the opportunity to exercise his unfettered right to "attempt to persuade us to exercise our discretion." The appellant whose attorney files an *Anders* brief and then fails to alert his client to his client's right to follow up with a petition for discretionary review is no less

deprived of that opportunity than is the appellant whose lawyer has filed an ordinary appellate brief.[28] It is important to note in this context that, as we have acknowledged before, attorneys who file *Anders* briefs are not always correct that there is no merit to an appeal.[29]

The State argues, however, that the harm that accrues to an appellant who is denied his right to petition for discretionary review after a court of appeals has confirmed that his appeal is indeed frivolous, as here, is negligible, and should be measured against the ordinary prejudice prong of *Strickland*. After all, how good can his chances be of persuading this Court that his petition for discretionary review deserves our attention? For this proposition the State cites the opinion of the United States Supreme Court in *Smith v. Robbins*.[30] We do not believe *Smith* ultimately supports the State's argument.

In *Smith v. Robbins* the Supreme Court held that the particular procedural mechanism that it had articulated in its opinion thirty-three years earlier in *Anders* was precatory rather than mandatory, and that the modified procedural mechanism now in place in California is adequate to preserve Robbins's constitutional right to counsel on

---

**26.** *Id.,* at 138.

**27.** *Ibid. See* Tex.Code Crim. Proc. art. 44.45(b)(1); Tex.R.App.Proc. 66.1

**28.** In his concurrence, Judge Womack argues that "[t]he principled reason that the holding in *Wilson* should not apply when counsel files an *Anders* brief is that such an attorney must sever the attorney-client relationship." There is no particular reason that counsel filing an *Anders* brief cannot alert his client to the client's right to file a petition for discretionary review at the same time that he informs the client of his rights to file a *pro se* appellate brief, and to review the appellate record in preparation of such a *pro se* brief. *See, e.g., Johnson v. State,* 885 S.W.2d 641 (Tex.App.-Waco 1994, pet. ref'd) (appellate counsel who

files *Anders* brief has three "educational burdens" with respect to his client: provide client with copy of motion and brief, inform client of his right to file *pro se* brief, and also inform client of his right to access to appellate record). Appellate counsel should simply add to the list of "educational burdens" a duty to advise his client of the client's *pro se* right to seek discretionary review as part of the process of filing an *Anders* brief and moving to withdraw from representation of the client.

**29.** *See Getts v. State,* 155 S.W.3d 153 (Tex. Crim.App.2005).

**30.** 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

appeal.[31] That being the case, the Court held, Robbins was not wholly deprived of his right to counsel on appeal, and any complaint he had about a deficiency in his appellate attorney's representation would be subject to an ordinary *Strickland* analysis, including a full-blown analysis for prejudice.[32] In the instant cause, by contrast, appellate counsel's failure to inform the applicant of his right to pursue a petition for discretionary review *did* deprive him of an entire proceeding.

When we held in *Crow* and in *Johnson v. State*, upon which *Crow* relied, that a "limited" prejudice analysis will apply whenever appellate counsel's deficiency causes an appellant to lose his opportunity to petition this Court for discretionary review, we did not mention *Smith v. Robbins*. But we did rely heavily upon a Supreme Court decision that was decided barely a month after *Smith v. Robbins*.[33] In *Roe v. Flores–Ortega*,[34] the Supreme Court held that "when [appellate] counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."[35] All an appellant need show, then, to establish prejudice for purposes of a Sixth Amendment claim of ineffectiveness of appellate counsel that wholly deprived him of an appeal, is that he would indeed have pursued that appeal. He need not also show "some likelihood of success on appeal."[36]

■ We derived our rationale in *Johnson/Crow* for applying a "limited" prejudice analysis largely from the Supreme Court's opinion in *Roe v. Flores–Ortega* and its antecedents. That rationale applies just as forcefully in the *Anders* context as in any other. The applicant in this cause was wholly deprived of his opportunity to convince this Court that his appeal was not frivolous after all, or that his constitutional right to counsel was somehow compromised when (or in the particular way that) his appellate attorney filed an *Anders* brief. We therefore reject the State's contention that the standard *Strickland* prejudice-prong analysis ought to apply.[37] All that the applicant need establish in the way of a showing of prejudice is that he would in fact have sought a petition for discretionary review, had he been timely informed by his appellate counsel of his right to do so.

## IV. Application of Law to Fact

■ The applicant filed a *pro se* brief in the court of appeals, once he was informed by his appellate counsel that counsel would be filing an *Anders* brief. This strongly militates in favor of a finding that the applicant would in fact have proceeded further to file a *pro se* petition for discretionary review as well, just as he alleges.[38]

31. *Id.*, U.S. at 272–276, 120 S.Ct. 746.

32. *Id.*, U.S. at 278–289, 120 S.Ct. 746.

33. *See Johnson v. State*, supra, at 231; *Ex parte Crow*, supra, at 137–138.

34. 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

35. *Id.*, U.S. at 484, 120 S.Ct. 1029. *See also, Rodriquez v. United States*, 395 U.S. 327, at 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).

36. *Rodriquez v. United States*, supra, U.S. at 330, 89 S.Ct. 1715.

37. To be fair, we note that the State filed its supplemental brief in this cause *before* we issued our opinions in both *Johnson* and *Crow*.

38. In both his form writ application, and in his memorandum in support of his application, the applicant simply alleged that his appellate counsel was ineffective for failing to notify him of his right to seek discretionary

The only conceivable contrary indication is the letter that appellate counsel wrote to the applicant, "telling him that his better avenue would be to pursue a writ of habeas corpus rather than further direct appeal since the record presented was inadequate to demonstrate any error on direct appeal." [39] But we do not regard the advice of counsel that the chances of success in some unspecified further "direct appeal" would be "fairly slim" [40] to constitute overriding evidence of the *applicant's* intent. After all, appellate counsel's opinion that the applicant's initial appeal was frivolous did not dissuade the applicant from filing his *pro se* brief in the court of appeals. Therefore, as in *Crow*, we hold that the "applicant's allegations are sufficient to prove that he would have filed a PDR if he had been informed in accordance with *Wilson*'s dictates." [41] Accordingly, the applicant is granted leave to file an out-of-time petition for discretionary review. Should the applicant desire to seek discretionary review, he must take affirmative steps to see that his petition is filed in the court of appeals within thirty days after the issu-

ance of the mandate of this Court in this cause.

WOMACK, J., filed a concurring opinion in which COCHRAN, J., joined.

HERVEY, J., filed a concurring opinion in which JOHNSON and KEASLER, JJ., joined.

KELLER, P.J., filed a dissenting opinion.

MEYERS, J., dissents.

WOMACK, J., concurring in which COCHRAN, J., joined.

The Court says, *ante* at 674, "We fail to perceive any principled reason that our holding in *Wilson* should not apply equally to an appellant whose attorney files an *Anders* brief." I believe there is a principled reason. More important than that reason are the facts that the *Wilson/Axel* requirement is based on a fallacy, and it doesn't work.

review. In neither did he claim that, had he been timely so informed, he would have actually filed a timely *pro se* petition. Nor did he pray for leave to file an out-of-time petition for discretionary review. However, after this Court remanded the cause for a determination of indigency, appointment of counsel, and further briefing, the applicant's court-appointed writ attorney filed a supplement to the writ application in which he expressly alleged that the applicant "would have filed a petition for discretionary review if he had been given the opportunity and allowed this Honorable Court to determine if his petition for discretionary review had merit." Therefore, we conclude that the applicant has pled facts sufficient to establish the "limited" prejudice requirement of *Crow*.

The dissent would have us deny relief because the supplemental writ is not verified. But the dissent concedes that such a requirement is not jurisdictional. The dissent be-

lieves relief should be denied "where the record does not otherwise substantiate the sworn allegation." Op. at 679. We think the fact that the applicant persisted in filing a *pro se* appellate brief in the wake of an *Anders* brief from his attorney is enough to substantiate his unsworn allegation that he would also file a *pro se* petition for discretionary review, given the opportunity. In any event, having filed and set the cause and returned it to the trial court for appointment of counsel and additional briefing, we are loathe to deny relief, only to have the applicant face a potential bar to re-raising the issue in a subsequent writ under Article 11.07, Section 4 of the Code of Criminal Procedure.

**39.** State's Supplemental Brief, at 8.

**40.** *See* appellate counsel's letter, quoted at page 3, *ante.*

**41.** 180 S.W.3d at 139.

### The Principled Reason.

The principled reason that the holding in *Wilson*[1] should not apply when counsel files an *Anders* brief is that such an attorney must sever the attorney-client relationship. The entire reason for the *Anders* procedure is counsel's ethical obligation not to assert frivolous claims.[2] As the *Anders* opinion says:

> Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.[3]

Whether he was correct or incorrect about there being no arguable grounds, the lawyer who files an *Anders* brief is leaving the case.

This distinguishes the appellate lawyer from the trial lawyer. Even when the trial has ended in the conviction of the defendant, trial counsel's duty extends to advising him whether to appeal, as we held in *Ex parte Axel:*

> Precise obligations are laid out in ABA Standards Relating to the Administration of Justice ("Standards"), The Defense Function, Part VIII. After Conviction. After sentencing, the lawyer explains to defendant "meaning and consequences" of the judgment and "his right to appeal." He expresses his professional opinion as to "meritorious grounds for appeal and as to probable results of an appeal," as well as its "advantages and disadvantages." "The decision whether to appeal must be the defendant's...." The lawyer "should take whatever steps are necessary to protect the defendant's right of appeal." § 8.2 Appeal, Standards, at 135.[4]

The appellate counsel who has filed an *Anders* brief because he has found the appeal to be wholly frivolous could not continue to give advice to the client about whether to seek further review. So there is a principled distinction here, which the *Wilson* Court ignored when it extended to all appellate counsel the same duty it imposed on all trial counsel in *Axel.*

### The *Axel* Fallacy.

I find irony in this because, in my view, the *Axel* Court's reasoning was clearly wrong when it gave trial counsel, and only trial counsel, the duty to advise the defendant *how* to perfect an appeal without a lawyer. The reasoning in *Axel* was, "Informing a defendant of his right to appeal is part and parcel of also further advising him along lines of the Standards, ante, in

---

1. *Ex parte Wilson*, 956 S.W.2d 25 (Tex.Cr. App.1997).

2. "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that it not

frivolous." Tex. Disciplinary R. Prof'l Conduct 3.01.

3. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

4. 757 S.W.2d 369, 373 (Tex.Cr.App.1988).

order to make a decision whether to take an appeal. Surely a judge is precluded from giving that kind of advice, and who better than an attorney who tried the case is qualified to assay and advise his client of probabilities of error?"[5] It is true that, if a defense lawyer advises a defendant whether to appeal, the defendant will get the idea that there is such a thing as an appeal. And it is true that a judge is precluded from advising a defendant whether to appeal. But a judge is not precluded from telling every convicted defendant that he has a right of appeal and that to have an appeal he must file written notice of appeal within thirty days.

No other jurisdiction that I know of has committed the fallacy of giving trial counsel, rather than the trial court, the responsibility to inform a defendant of the right to appeal and the procedures for appealing. Perhaps other jurisdictions considered that having this done by thousands of lawyers in confidential, off-the-record meetings with clients would be less reliable than having it done by the judge in open court, on the record.[6]

---

5. 757 S.W.2d, at 373.

6. *See, e.g.,* FED. R. CRIM. P. 32(j) (requiring the court to advise the defendant of any right to appeal, and requiring the clerk to immediately prepare and file a notice of appeal on the defendant's behalf if the defendant so requests).

If there was any justification for doing that in *Axel*, there was none for doing it in *Wilson*.

## It Doesn't Work.

Not a decision day passes without this court's granting habeas corpus relief, in the form of out-of-time appeals or petitions for discretionary review, to convicted defendants whose counsel failed to carry out the responsibilities that the Court gave them in *Axel* and *Wilson*. We should, and we can, have a better method of informing defendants of their rights and duties in the appellate process.

HERVEY, J., concurring in which JOHNSON and KEASLER, JJ., joined.

In *Ex parte Wilson*, this Court decided that an indigent defendant has a constitutional right to the effective assistance of counsel until "appeals are exhausted,"[1] which includes counsel's obligation to inform the defendant "of the result of the direct appeal and the availability of discretionary review." *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Cr.App.1997). The filing of an *Anders*[2] brief does not relieve appellate counsel of this obligation.[3]

---

1. *See also* Article 1.051(d)(1), TEX.CODE CRIM. PROC., (indigent defendant entitled to counsel in "an appeal to a court of appeals").

2. *See generally Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3. In *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, the Court described the obligations of appellate counsel who has determined that an appeal would be "wholly frivolous."

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* The no-merit letter and the [state] procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. (Footnote omitted). His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished to the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a

The dissenting opinion asserts that applicant is not entitled to relief on his *Wilson* claim because the supplement (to his original writ application), which supplies through writ counsel a necessary pleading required by *Ex parte Crow*,[4] is not sworn. Based on *Ex parte Golden*,[5] this Court has discretion to address the merits of an unsworn petition. *See Golden*, 991 S.W.2d at 862 (choosing to address merits of unsworn petition under the "peculiar circumstances" of the case).

Addressing the merits of applicant's *Wilson* claim is "an appropriate exercise of the habeas corpus power"[6] primarily because the State does not rely on applicant's supplement being unsworn as a basis to deny relief on his *Wilson* claim. *See Golden*, 991 S.W.2d at 862 (choosing to address merits of unsworn petition in part because "State has not moved to dismiss applicant's application on the ground that it is unsworn") and at 863 (Womack, J., concurring) (same). It is also arguable that applicant's supplement should be regarded as sworn since it is merely a supplement to the original writ, which is sworn. *See Webster's II New Collegiate Dictionary* (1999) at 1107 (defining "supplement" in part to mean "[s]omething added to complete a thing, offset a deficiency, or strengthen the whole"). It is also relevant that the oath requirement of Article 11.14(5), Tex.Code Crim. Proc., apparently

refers only to an original writ and not to a supplement to an original writ. These are sufficient "peculiar circumstances" permitting the Court to exercise its discretion to address the merits of applicant's *Wilson* claim.

With these comments, I join the Court's opinion.

KELLER, P.J., dissenting.

In footnote 38, the Court says that applicant has pled sufficient facts to establish, in accordance with the prejudice requirement of *Ex parte Crow*, that he would have filed a petition for discretionary review had he been timely informed of his right to do so[1] because his newly-appointed counsel "filed a supplement to the writ application in which he expressly alleged that the applicant would have filed a petition for discretionary review...."[2] But that supplement was signed only by the attorney and was not verified. In *Ex parte Golden*, we explained that, while the absence of verification is not jurisdictional, relief should be denied where the record does not otherwise substantiate the unsworn allegation.[3] And in the absence of sufficient pleadings, we need not and should not remand for further proceedings: "An applicant's failure to swear to the truth of the facts alleged in his petition deprives him of the opportunity to prove those allegations."[4] Nothing in the habeas record

---

full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

**4.** 180 S.W.3d 135, 138 (Tex.Cr.App.2005).

**5.** 991 S.W.2d 859, 861–62 (Tex.Cr.App.1999).

**6.** *See Golden*, 991 S.W.2d at 863 (Womack, J., concurring).

**1.** 180 S.W.3d 135, 138 (Tex.Crim.App.2005).

**2.** Court's op. at 675–76, n. 38.

**3.** 991 S.W.2d 859, 862 n. 2 (Tex.Crim.App. 1999).

**4.** *Id.*

substantiates the unsworn allegation contained in the supplement. Applicant could have made a sworn allegation that he would have filed a PDR upon being informed of his right to do so if, in fact, that allegation were true. He did not, and thus, he is not entitled to relief.

I respectfully dissent.