

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,295

**EX PARTE JOE CLARK, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 92-CR-1105-B(1) IN THE 117TH JUDICIAL DISTRICT COURT FROM NUECES COUNTY

*Per curiam. Keller, P.J., Keasler and Cochran, J.J., dissenting.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction. Clark v. State, No. 13-93-00094-CR (Tex. App. – Corpus Christi, June 9, 1994).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to advise him of his right to file petition for discretionary review *pro se.*

Appellate counsel filed an affidavit with the trial court, in which she states that she informed

Applicant that he would need another attorney to pursue additional appeals, but she did not discuss Applicant's next line of appeals with him. The trial court recommends that relief be denied because Applicant has not demonstrated by a preponderance of the evidence that he would have timely filed a PDR had appellate counsel properly advised him, and has not alleged that he believes a PDR would have been successful. However, this Court has held that an applicant "need not show that the proceeding that counsel's ineffectiveness deprived him of would have resulted in a favorable outcome; he need only show that he was deprived of that proceeding and that he would have availed himself of the proceeding had his counsel's conduct not caused a forfeiture." *Ex parte Owens*, 206 S.W.3d 670, 673-674 (Tex. Crim. App. 2006).

In this case, Applicant alleges that appellate counsel's failure to properly advise him of his right to pursue discretionary review deprived him of his right and opportunity to petition this Court for discretionary review. Appellate counsel's affidavit supports the conclusion that she did not properly advise him of his right to file a *pro se* PDR.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Thirteenth Court of Appeals in Cause No. 13-93-00094-CR that affirmed his conviction in Cause No. 92-CR-1105-B(1) from the 117th Judicial District Court of Nueces County. Applicant shall file his petition for discretionary review with the Thirteenth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered: February 24, 2010
Do not publish