IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,295




EX PARTE JOE CLARK, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 92-CR-1105-B(1) IN THE 117TH JUDICIAL DISTRICT COURT
FROM NUECES COUNTY




           Per curiam. Keller, P.J., Keasler and Cochran, J.J., dissenting.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his
conviction. Clark v. State, No. 13-93-00094-CR (Tex. App. – Corpus Christi, June 9, 1994). 
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to advise him of his right to file petition for discretionary review pro se.
            Appellate counsel filed an affidavit with the trial court, in which she states that she informed
Applicant that he would need another attorney to pursue additional appeals, but she did not discuss
Applicant’s next line of appeals with him. The trial court recommends that relief be denied because
Applicant has not demonstrated by a preponderance of the evidence that he would have timely filed
a PDR had appellate counsel properly advised him, and has not alleged that he believes a PDR would
have been successful. However, this Court has held that an applicant “need not show that the
proceeding that counsel’s ineffectiveness deprived him of would have resulted in a favorable
outcome; he need only show that he was deprived of that proceeding and that he would have availed
himself of the proceeding had his counsel’s conduct not caused a forfeiture.” Ex parte Owens, 206
S.W.3d 670, 673-674 (Tex. Crim. App. 2006). 
            In this case, Applicant alleges that appellate counsel’s failure to properly advise him of his
right to pursue discretionary review deprived him of his right and opportunity to petition this Court
for discretionary review. Appellate counsel’s affidavit supports the conclusion that she did not
properly advise him of his right to file a pro se PDR.
            We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition
for discretionary review of the judgment of the Thirteenth Court of Appeals in Cause No. 13-93-00094-CR that affirmed his conviction in Cause No. 92-CR-1105-B(1) from the 117th Judicial
District Court of Nueces County. Applicant shall file his petition for discretionary review with the
Thirteenth Court of Appeals within 30 days of the date on which this Court’s mandate issues.
 
Delivered: February 24, 2010
Do not publish