

NUMBER 13-12-00486-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KEVIN RAND,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

## On appeal from the 94th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant, Kevin Rand, plead guilty to passing a forged check, a state jail felony. *See* TEX. PENAL CODE ANN. § 32.21(b) (West 2011). The court assessed two years' imprisonment, probated to community supervision for a term of four years. The State subsequently filed a motion to revoke, alleging eleven violations of the conditions of

appellant's supervision.[1]  Appellant plead "true" to one allegation (that he was behind on payment of court costs and other fees) and "not true" to the others.  The State's motion to revoke alleged that appellant had contact on multiple occasions with a woman he was specifically prohibited from seeing by the terms of his supervision.  The State also alleged that appellant committed the offenses of making terrorist threats, harassment and multiple counts of assault against that woman and her boyfriend.  After conducting an oral hearing with testimony from multiple witnesses, including appellant, the court found the allegations to be "true" regarding the woman and "not true" regarding the woman's boyfriend.  The court revoked appellant's supervision and assessed the original sentence of two years in state jail.  This appeal followed.

## I. *ANDERS* BRIEF

Appellant's court-appointed appellant counsel has filed a brief and motion to withdraw with this Court pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that his review of the record yielded no grounds of error upon which to base an appeal.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.3d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[1] This was the fourth motion to revoke filed against appellant by the State. The term of appellant's supervision was extended as a result of prior violations.

In compliance with *High v. State*, 507 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant has not responded by filing a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1"). We have reviewed the record and agree that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the

3

appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted)). We grant counsel's motion to withdraw. Counsel is ordered to send a copy of this opinion and this Court's judgment to appellant within five days of the date of this Court's opinion, and to advise him of his right to file a petition for discretionary review with the court of criminal appeals. *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).[2]

 

 

 

_____
NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
4th day of April, 2013.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* Tex. R. App. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* Tex. R. App. P. 68.3. Any petition for discretion review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* Tex. R. App. P. 68.4.