

NUMBER 13-12-00595-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DAVID AVELLANEDA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, David Avellaneda, was charged by indictment with intentional or knowing injury to a child, a first-degree felony. TEX. PENAL CODE ANN. § 22.04(a), (e) (West Supp 2011). He pleaded guilty without a plea agreement to the lesser-included offense of reckless injury to a child, a second-degree felony. *Id.* § 22.04(f). The trial

court judge assessed imprisonment for a term of twenty years in the Texas Department of Criminal Justice—Institutional Division.  This appeal followed.[1]

## I. *ANDERS* BRIEF

Appellant's court-appointed appellant counsel has filed a brief and motion to withdraw with this Court pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that his review of the record yielded no grounds of error upon which to base an appeal.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 507 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  Counsel has informed this court that he has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*,

---

[1] The trial court granted appellant the right to appeal even though he executed a waiver of his appellate rights as part of his guilty plea.

252 S.W.3d at 409 n.23. More than a sufficient time has passed but appellant has not responded by filing a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including appellant's judicial confession and the transcript of the sentencing hearing, and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1"). We agree that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous" (citations omitted)). We grant counsel's motion to withdraw. Counsel is ordered to send a copy of this opinion and this Court's judgment to appellant within five days of the date of this Court's opinion, and to advise him of his right to file a petition for discretionary review with the court of criminal

3

appeals.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35;

*Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of May, 2013.

---

[2] No substitute counsel will be appointed.  Should Avellaneda wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretion review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See* TEX. R. APP. P. 68.4.