

NUMBER 13-12-00157-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TIMOTHY DANIEL HERNANDEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the County Court at Law No. 2
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Longoria

Appellant, Timothy Hernandez, pleaded guilty to a second offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2011). The trial court assessed a sentence of 365 days in jail and a fine of $750. The court suspended the sentence and placed appellant on community supervision for two years. The State

later filed a motion to revoke appellant's supervision.[1]  The trial court revoked appellant's supervision and reinstated the original sentence.  This appeal followed.

## I. *ANDERS* BRIEF

Appellant's court-appointed appellant counsel has filed a brief and motion to withdraw with this Court pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that his review of the record yielded no grounds of error upon which to base an appeal.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 507 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n.23.  More than a sufficient time has passed, and appellant has not

---

[1] Appellant also pleaded guilty in the same proceeding to an information charging him with misdemeanor theft.  The theft charge also formed one of the grounds for revocation of appellant's supervision.  Appellant appeals that conviction to this Court under Cause No. 13-12-158-CR.

2

responded by filing a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record, including appellant's judicial confession and the transcript of the sentencing hearing, and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe,* 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1"). We agree that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n. 17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted)). We grant counsel's motion to withdraw. Counsel is ordered to send a copy of this opinion and this Court's judgment to appellant within five days of the date of this Court's opinion, and to advise him of his right to file a petition for discretionary review with the court of criminal

3

appeals.[2]  *See* Tex. R. App. P. 48.4; *see also In re Schulman,* 252 S.W.3d at 412 n.35;

*Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

_____
NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
25th day of July, 2013.

---

[2] No substitute counsel will be appointed.  Should Hernandez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretion review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *Id.* R. 68.4.