

NUMBER 13-13-00122-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN LERMA JR.,                                           **Appellant,**

**v.**

THE STATE OF TEXAS,                                     **Appellee.**

## On appeal from the 105th District Court
## of Kleberg County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

Appellant, Juan Lerma Jr., was indicted for the offense of aggravated assault causing serious bodily injury, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). The State also sought an affirmative finding that appellant used or exhibited a deadly weapon in the commission of the offense. *See id.* § 1.07(11) (West. Supp. 2011). Appellant pleaded guilty. The trial court accepted the plea and

placed appellant on deferred-adjudication community supervision for a term of ten years.

In November of 2012, the State filed its second motion to revoke and adjudicate guilt, alleging five violations of the terms of appellant's supervision. At the revocation hearing, the State abandoned the second ground, and appellant pleaded "true" to the remaining grounds.[1] The trial court revoked appellant's supervision, adjudicated him guilty of the original offense, and assessed a sentence of imprisonment for eight years in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## I. *ANDERS* BRIEF

Appellant's court-appointed appellant counsel has filed a brief and motion to withdraw with this Court pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that his review of the record yielded no grounds of error upon which to base an appeal. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[1] The State alleged by the remaining grounds that appellant: failed to report to his parole officer for a period of several months; failed to complete the full term of community service imposed in the original judgment; failed to timely report an arrest for public intoxication; and had a urinalysis test that was positive for marijuana.

In compliance with *High v. State,* 507 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n.23. More than a sufficient time has passed, and appellant has not responded by filing a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record, including appellant's initial guilty plea, the transcript of the revocation hearing, the trial court's written admonishments that were signed by appellant, the judgment of the trial court, and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."). We agree that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.

### III. Motion to Withdraw

In accordance with *Anders,* appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n. 17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant counsel's motion to withdraw. Counsel is ordered to send a copy of this opinion and this Court's judgment to appellant within five days of the date of this Court's opinion, and to advise him of his right to file a petition for discretionary review with the court of criminal appeals.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman,* 252 S.W.3d at 412 n.35; *Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

$\text{_____}$
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of October, 2013.

---

[2] No substitute counsel will be appointed. Should Lerma wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretion review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *Id.* R. 68.4.