

NUMBER 13-13-00376-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEVEN EUGENE FOUST,                                        Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 15th District Court
### of Grayson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Steven Eugene Foust appeals his convictions for burglary of a habitation

(Count I) and aggravated assault (Count II). *See* TEX. PENAL CODE ANN. §§ 30.02,

22.02(a)(2) (West, Westlaw through 2013 3d C.S.). The State tried the case to a jury,

which returned a verdict of guilty on both counts. The jury assessed punishment on both counts at imprisonment for five years and no fine, to run concurrently. This appeal followed.[1]

## I. *ANDERS* BRIEF

Appellant's court-appointed appellate counsel has filed a brief and motion to withdraw with this Court pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that his review of the record yielded no grounds of error upon which to base an appeal. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 507 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, No. PD-0702-13, 2014 WL 2865901, at *3 (Tex. Crim. App. June 25, 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal;[2] (2) provided appellant with a copy of the *Anders* brief, the motion to withdraw,

---

[1] This case is before this Court on transfer from the Fifth Court of Appeals in Dallas pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 3d C.S. 2013).

[2] Counsel stated that he specifically considered the following issues: whether (1) the State produced legally sufficient evidence to support the convictions; (2) punishing appellant on both counts violated the state and federal constitutional protections against double jeopardy; (3) the punishment

2

and a copy of the appellate record;[3] (3) informed appellant of his right to file a pro se response and seek discretionary review if the court of appeals concludes that the appeal is frivolous. *See Anders,* 386 U.S. at 744; *Kelly*, 2014 WL 2865901, at *3; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n.23. Appellant filed a pro se brief arguing that his appeal is meritorious because the evidence is insufficient to support the judgment.[4]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). After thoroughly reviewing the record, court-appointed counsel's brief, and the issues raised in the pro se response, we have found nothing that would arguably support an appeal. *See Bledsoe,* 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1"). We agree that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.

## III. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney asked this Court for permission to

---

assessed by the jury violated the constitutional protections against cruel and unusual punishment.

[3] By serving appellant with a copy of the appellate record, counsel already complied with the new *Anders* duty imposed by the Texas Court of Criminal Appeals in *Kelly v. State*, No. PD-0702-13, 2014 WL 2865901, at *3 (Tex. Crim. App. June 25, 2014).

[4] Appellant asserted that the owner of the house which he allegedly burglarized, Mr. Green, tampered with evidence and falsely claimed to be injured in the attack, but appellant provided no evidence of this assertion. Appellant further argued that the trial court erred "in not making any additional finding of fact," but appellant did not explain further.

3

withdraw as counsel for appellant.  *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n. 17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted)).  We grant counsel's motion to withdraw.  Counsel is ordered to send a copy of this opinion and this Court's judgment to appellant within five days of the date of this Court's opinion, and to advise him of his right to file a petition for discretionary review with the court of criminal appeals.[5]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman,* 252 S.W.3d at 412 n.35; *Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

/s/ Nora L. Longoria
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of August, 2014.

---

[5] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *Id.* R. 68.4.