

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00372-CR

**RUSSELL DON SNEED,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2010-1505-C1

## MEMORANDUM OPINION

Russell Don Sneed was convicted of the offense of felony driving while intoxicated and was sentenced to life in prison as a habitual offender based on pleas of true to two prior convictions. In his first appeal, we reversed the judgment and remanded the case for a new punishment hearing. *Sneed v. State,* No. 10-11-00231-CR, 2012 WL 2866304 (Tex. App.—Waco July 12, 2012, no pet.). On remand, Sneed entered into a plea bargain on punishment for a twenty-five year sentence. Sneed filed a notice of appeal, and the trial court certified that Sneed's case is a plea-bargain case but that the trial court has given permission to appeal and that Sneed has the right of appeal.

Sneed's appointed appellate counsel has filed a motion to withdraw and an *Anders* brief, asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Sneed has filed a *pro se* response to the *Anders* brief. Sneed asserts that a term of the plea agreement is that he can appeal his original conviction on guilt-innocence, but, other than the template language in the trial court's certification, nothing in the record supports that assertion.[1] Sneed then argues that, under *Missouri v. McNeely*, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), the results of his involuntary and warrantless blood draw should have been suppressed. Even if Sneed could appeal guilt-innocence issues, in his original trial, no motion to suppress the results of his involuntary and warrantless blood draw was filed and ruled on, and no objection was made to the admission of the blood-sample results.[2] *See* Tex. R. App. P. 33.1(a)(1); *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("In fact, almost all error—even constitutional error—may be forfeited if the appellant failed to object."). Therefore, the issue has not been preserved for appellate review and would be wholly frivolous.

Sneed also argues that if, in his first appeal, we had remanded his case for a new trial on guilt-innocence, he could have filed a motion to suppress the blood-sample results under *McNeely*, which was delivered after his original trial and after our July 12,

---

[1] Sneed cites to the State's "disclosure of plea recommendation" as record support for his assertion, but it does not mention the appealability of Sneed's original conviction; nor does the punishment-hearing record on remand.

[2] The *Anders* brief correctly notes that the issue was not preserved in the original trial.

2012 decision. But we remanded the case for a new punishment hearing only, and the *Anders* brief correctly notes that the issue could not have been considered by the trial court in a punishment hearing. Sneed further seeks a new trial on guilt-innocence because of the subsequent *McNeely* decision so that he can seek to suppress the blood-sample results under *McNeely*, but we cannot grant that relief in a direct appeal from a punishment-only hearing. We thus conclude that Sneed's *pro se* response does not raise any non-frivolous issues.

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." *Id.* at 744, 87 S.Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988).

We have conducted an independent review of the record, and because we find this appeal to be wholly frivolous, we affirm the judgment. We grant appointed counsel's motion to withdraw from representation of Sneed. Notwithstanding this grant, appointed counsel **must** send Sneed a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006).


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 25, 2014
Do not publish
[CR25]

