

# IN THE
# TENTH COURT OF APPEALS

_____

**No. 10-15-00207-CR**
**No. 10-15-00208-CR**
**No. 10-15-00209-CR**
**No. 10-15-00210-CR**
**No. 10-15-00211-CR**

**KENNETH WILEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court Nos. FO-14-22332, FO-14-22333, FO-14-22334,**
**FO-14-22335 and FO-14-22336**

_____

## MEMORANDUM  OPINION

_____

Appellant Kenneth Wiley made open pleas of guilty to five separate indictments, each alleging possession of child pornography. After a punishment hearing, the trial court sentenced Appellant to seven years in prison in each case, to be served consecutively. These appeals ensued. We will affirm.

In accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in each case Appellant's court-appointed appellate counsel filed a brief and motion to withdraw, stating that his review of the records yielded no grounds of error upon which an appeal can be predicated. Counsel's briefs meet the requirements of *Anders*; they present a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Counsel has informed us that he has: (1) examined the records and found no arguable grounds to advance on appeal; (2) served a copy of each brief and motion to withdraw on Appellant; and (3) provided Appellant with a copy of the records and informed him of his right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23. Appellant did not file a pro se response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the records and counsel's briefs and have found nothing that would arguably support an appeal. *See*

*Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005); *Stafford*, 813 S.W.2d at 509.

Accordingly, the judgments of the trial court are affirmed.

Appellant's attorney has moved to withdraw as counsel for Appellant in each case. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motions to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to Appellant and to advise him of his right to file a petition for discretionary review in each case.[1] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


REX D. DAVIS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed December 3, 2015
Do not publish
[CRPM]

---

[1] New appellate counsel will not be appointed for Appellant. Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.