

# Fourth Court of Appeals
## San Antonio, Texas

September 6, 2016

No. 04-16-00017-CR

James **MOODY,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 413867
The Honorable Robert Behrens, Judge Presiding

# O R D E R

Counsel for the appellant has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and asserts there are no meritorious issues to raise on appeal. When counsel files an *Anders* brief, he is required to include as an exhibit a copy of the letter sent to his client. The letter must: (1) notify appellant that counsel has filed an *Anders* brief and motion to withdraw and enclose copies of the documents, (2) inform appellant of his right to review the appellate record and file a pro se brief, (3) inform appellant of his right to file a pro se petition for discretionary review should the court of appeals determine the appeal is frivolous, and (4) "take concrete measures to initiate and facilitate the process of actuating [appellant's] right to review the appellate record, if that is what [appellant] wishes." *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Ex parte Owens*, 206 S.W.3d 670-74 n. 28 (Tex. Crim. App. 2006); *Meza v. State*, 206 S.W.3d 684 (Tex. Crim. App. 2006). With respect to the last requirement, counsel may either send a copy of the appellate record to his client or advise his client that if he wishes to review the appellate record, he must file a motion in this court within ten days of counsel's letter, requesting access to the record. *See Kelly*, 436 S.W.3d at 319-20. Counsel must include with his letter a form motion for this purpose, advise his client to sign and date the motion and mail it to this court within ten days, and supply his client with this court's mailing address. *Id.* at 320.

Moody's counsel did not include as an exhibit a copy of the letter sent to his client. In his motion to withdraw, Moody's counsel states, "Counsel has advised Appellant of his conclusions, and has advised Appellant of his right to brief the case himself, or to retain replacement counsel to" [sic]. It appears counsel did not finish explaining what he advised Moody of. Neither the

brief nor the motion states whether Moody was specifically advised as required by *Kelly* or whether counsel sent Moody a copy of the appellate record or a form motion for requesting the appellate record.

We therefore order appellant's appointed counsel, Pat Montgomery, to file by **September 16, 2016** a copy of counsel's letter to Moody that demonstrates compliance with *Kelly*'s requirements. Counsel is reminded that his duties of representation do not cease when he files a motion to withdraw; counsel must continue to act with competence, commitment and dedication to the interest of the client until the court of appeals grants the motion. *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008); *see Kelly*, 436 S.W.3d at 319.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of September, 2016.

Keith E. Hottle
Clerk of Court