

# Fourth Court of Appeals

## San Antonio, Texas

October 11, 2016

No. 04-16-00135-CR

Darrell **MOSQUEDA,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR4036
Honorable Kevin M. O'Connell, Judge Presiding

# O R D E R

Counsel for the appellant has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and asserts there are no meritorious issues to raise on appeal. When counsel files an *Anders* brief, he is required to include as an exhibit a copy of the letter sent to his client. The letter must: (1) notify appellant that counsel has filed an *Anders* brief and motion to withdraw and enclose copies of the documents, (2) inform appellant of his right to review the appellate record and file a pro se brief, (3) inform appellant of his right to file a pro se petition for discretionary review should the court of appeals determine the appeal is frivolous, and (4) "take concrete measures to initiate and facilitate the process of actuating [appellant's] right to review the appellate record, if that is what [appellant] wishes." *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Ex parte Owens*, 206 S.W.3d 670-74 n. 28 (Tex. Crim. App. 2006); *Meza v. State*, 206 S.W.3d 684 (Tex. Crim. App. 2006). With respect to the last requirement, counsel may either send a copy of the appellate record to his client or advise his client that if he wishes to review the appellate record, he must file a motion in this court within ten days of counsel's letter, requesting access to the record. *See Kelly*, 436 S.W.3d at 319-20. Counsel must include with his letter a form motion for this purpose, advise his client to sign and date the motion and mail it to this court within ten days, and supply his client with this court's mailing address. *Id.* at 320.

Counsel did not include any proof that he complied with *Kelly*'s requirements. In his motion to withdraw, counsel states, "Counsel has advised Appellant of his conclusions, and has advised Appellant of his right to brief the case himself, or to retain replacement counsel to" [sic]. It appears counsel did not finish explaining whether he advised his client in compliance with *Kelly*. Neither the brief nor the motion states whether appellant was specifically advised as

required by *Kelly* or whether counsel sent appellant a copy of the appellate record or a form motion for requesting the appellate record.

We therefore order appellant's appointed counsel, Pat Montgomery, to file by **October 14, 2016**, proof of counsel's compliance with *Kelly*'s requirements. Counsel is reminded that his duties of representation do not cease when he files a motion to withdraw; counsel must continue to act with competence, commitment and dedication to the interest of the client until the court of appeals grants the motion. *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008); *see Kelly*, 436 S.W.3d at 319. Counsel is advised this case will be abated and remanded for an abandonment hearing and that he may be held in contempt for failure to comply with this order.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of October, 2016.

Keith E. Hottle
Clerk of Court