**Concurring Opinion Filed July 24, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00161-CV

### IN THE INTEREST OF T.R.N. AND A.R.N., CHILDREN

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-17-00385-X**

## CONCURRING OPINION

Opinion by Justice Carlyle

I write with full recognition of the important process due to a person whose parental rights have been terminated. For that reason, I concur in the opinion, judgment, and order we issue today. My concern is the uneven application of rules on motions to withdraw when a court of appeals affirms after an attorney files an *Anders* brief.

We correctly rely on *In re P.M.* to deny a court-appointed attorney's unopposed motion to withdraw because that case says Family Code section 107.016(3)(B)[1] means the attorney must continue representation until "the date all appeals in relation to any final order terminating parental rights are exhausted or waived." 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam). *P.M.* instructs

---

[1] In 2017, the legislature added subpart (2), and moved former subpart (2) (which *P.M.* considered) to now-subpart (3) without change. *See* Act of May 31, 2017, 85th Leg., R.S., ch. 317, § 9 (H.B. 7) (eff. Sept. 1, 2017).

that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

*P.M.* requires more extensive representation to indigent people represented in the termination of parental rights (TPR) context than those in the criminal context. In criminal cases, the court of criminal appeals tells us part of "appointed counsel's duty to withdraw is based upon his professional and ethical responsibilities as an officer of the court not to burden the judicial system with false claims, frivolous pleadings, or burdensome time demands." *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). In criminal cases, "the purpose of the *Anders* brief is to satisfy the appellate court that the appointed counsel's motion to withdraw is, indeed, based upon a conscientious and thorough review of the law and facts," making "the *Anders* brief . . . only the proverbial tail while the motion to withdraw is the dog." *Id.* (cleaned up).[2]

The court of criminal appeals tells us: "We hold that the courts of appeals have jurisdiction and authority to grant a motion to withdraw that accompanies an *Anders* brief whenever, as here, they find that appellate counsel has exercised professional diligence in assaying the record for error, and they agree that the appeal is frivolous." *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006) (remanding for the court of appeals to consider counsel's *Anders* motion to withdraw); *see also Meza v. State*, No. 10-05-00037-CR (Tex. App.—Waco Nov. 1, 2006) (order on remand granting counsel's motion to withdraw because counsel exercised diligence in analyzing the record and the court agreed with counsel's conclusion that there were no non-frivolous issues to be raised on appeal). Finally, the court of criminal appeals makes very clear that criminal defendants have no right for appointed counsel to file a petition for discretionary review after a court of appeals affirms their conviction after appellate counsel filed an *Anders* brief. *Kelly*, 436 S.W.3d at 319–

---

[2] Metzler, Theodore, Cleaning Up Quotations, 18 J. of App. Prac. & Process 143 (2017) (discussing and explaining the "cleaned up" parenthetical, a way to shorten unnecessarily lengthy citations); *see Cadena Comercial USA Corp. v. Tex. Alcohol & Beverage Comm'n*, 518 S.W.3d 318, 341 n.18 (Tex. 2017) (Willett, J., dissenting); *see also United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017); *Robinson v. Home Owners Mgmt. Enters., Inc.*, 549 S.W.3d 226, 231 (Tex. App.—Ft. Worth 2018, pet. filed).

20; *Ex parte Owens*, 206 S.W.3d 670, 674 & n.28 (Tex. Crim. App. 2006); *Meza*, 206 S.W.3d at 688.

Given that the courts imported the *Anders* process into the TPR context, it is curious indeed that the supreme court chose not to follow the very clear court-of-criminal-appeals precedents. *See In re D.A.S.*, 973 S.W.2d 296, 298–99 (Tex. 1998) (extending *Anders* procedures to juvenile cases, which are "quasi-criminal in nature"); *P.M.*, 520 S.W.3d at 27–28 & n.10.

The statutes the two high courts interpreted do not immediately appear to justify *P.M.* diverging from *Kelly*. The supreme court in *P.M.* dealt with the following language:

> [A]n attorney appointed under this subchapter to serve as an attorney ad litem for a parent or an alleged father continues to serve in that capacity until the earliest of: (A) the date the suit affecting the parent-child relationship is dismissed; (B) the date all appeals in relation to any final order terminating parental rights are exhausted or waived; or (C) the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record.

TEX. FAM. CODE § 107.016(3). In *Kelly*, the court of criminal appeals dealt with the following language:

> An attorney appointed under this article shall: . . . (2) represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record.

TEX. CODE CRIM. PROC. art. 26.04(j)(2).

Both laws first provide for representation until the litigation is terminated, in the criminal context by acquittal or dismissal and in the family context by dismissal. Second, the Family Code provision provides for representation until "all appeals . . . are exhausted or waived," while the Criminal Procedure provision says representation continues until "appeals are exhausted." Thus, in this way, the Family Code provides by its terms two ways for the representation to cease while the Criminal Procedure code provides only one. On their face, these statutes do not appear to require a different result for motions to withdraw in an affirmed *Anders* indigent TPR appeal than

the settled *Anders* precedent on motions to withdraw in affirmed *Anders* indigent criminal or juvenile appeals.

*P.M.* nods to part of the Code of Criminal Procedure that arguably belies its conclusion that "the exhaustion of appeals includes review sought in this Court." 520 S.W.3d at 26 n.6 ("*But see* TEX. CODE CRIM. PROC. art. 1.051(d)(2)"). Code of Criminal Procedure article 1.051(d)(2) says "An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters: . . . (2) an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or if a petition for discretionary review has been granted . . . ." That statute, in concert with court of criminal appeals precedent, makes clear that criminal defendants have no right to appointed counsel for filing the petition for discretionary review. *Kelly*, 436 S.W.3d at 319–20; *Ex parte Owens*, 206 S.W.3d at 674 & n.28. Thus, when importing *Anders* to the TPR context, it would have seemed correct to continue the practice that courts of appeals may grant an *Anders* counsel's motions to withdraw whenever the court agrees with counsel's assessment of the record. *See Meza*, 206 S.W.3d at 689.[3]

We require convicted adult criminals to formulate their own petitions for discretionary review to the court of criminal appeals. *Kelly*, 436 S.W.3d at 319–20. We require committed juveniles to "advance [their] appeal through a parent, legal guardian, next friend, or guardian ad litem." *D.A.S.*, 973 S.W.2d at 299. But we provide for the continued appointment of counsel for

---

[3] Except for the Waco court, every court of appeals considering the issue has concluded that *P.M.* forecloses granting motions to withdraw after *Anders* affirmances in the quasi-criminal juvenile appeals. The Waco court follows *D.A.S.*, which tracks the traditional *Anders* procedure in criminal cases and which allows courts of appeals to grant motions to withdraw when attorneys file *Anders* briefs and the court of appeals affirms because the appeal is frivolous. *See Matter of J.L.C.*, ___ S.W.3d ___, No. 10-18-00061-CV, 2018 WL 3763736, at *1 & n.1 (Tex. App.—Waco Aug. 8, 2018, pet. ref'd). The Waco court collected citations of cases in which courts of appeals applied *P.M.* to deny motions to withdraw in juvenile *Anders* affirmances in note 1: "*See, e.g. In re C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, 2018 Tex. App. LEXIS 4128 (Tex. App.—Austin June 8, 2018, no pet. h.) (mem. op.); *In re A.H.*, 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.); *In re A.C.*, Nos. 01-15-00932-CV, 01-15-00933-CV, 2016 WL 1658777, 2016 Tex. App. LEXIS 4285 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.) (mem. op.)." Eastland and Texarkana have joined the other courts in applying *P.M.* in that context. *In re L.H.*, No. 11-17-00348-CV, 2018 WL 3763804, at * 1 (Tex. App.—Eastland Aug. 9, 2018, no pet.) (mem. op.); *Matter of D.T.M.*, No. 06-18-00071-CV, 2019 WL 1645937, at *1 (Tex. App.—Texarkana Apr. 17, 2019, no pet.) (mem. op.).

parents whose actions (or inaction) have led a court to terminate their rights to their children, whose court-appointed appellate lawyer could find no non-frivolous issue to raise on appeal, and when an intermediate appellate court has agreed with that lawyer's assessment. *P.M.*, 520 S.W.3d at 27–28. "Really?"[4]

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190161CF.P05

---

[4] *See Gamble v. United States*, 139 S. Ct. 1960, 1999 (2019) (Gorsuch, J., dissenting); *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1957 (2019) (Alito, J., dissenting).