

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00386-CV

_____

IN THE MATTER OF D.J.

---

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-109405-18

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

Appellant D.J. appeals the trial court's order transferring him from the Texas Juvenile Justice Department's custody to the custody of the Texas Department of Criminal Justice–Institutional Division to complete his determinate sentence. *See* Tex. Fam. Code Ann. § 54.11. We affirm.

The trial court adjudicated D.J. guilty of delinquent conduct after finding that D.J. had committed an aggravated robbery during which his co-actor shot at the victim and during which D.J. pointed a firearm at the victim; the trial court also found that D.J. had committed two other felony offenses: unauthorized use of a motor vehicle and evading with a vehicle in a high-speed chase. *See id.* §§ 53.045, 54.03. D.J. committed all these offenses less than a month before his seventeenth birthday. The trial court sentenced D.J. to an eight-year determinate sentence. *See id.* § 54.04(d)(3). D.J. turned eighteen while in TJJD custody. Thus, before D.J.'s nineteenth birthday, TJJD requested that the trial court hold a hearing to determine whether to transfer D.J. to TDCJ or release him on TDCJ parole. *See* Tex. Hum. Res. Code Ann. §§ 244.014(a), 245.051(c)(2). After a hearing, the trial court ordered D.J. transferred to TDCJ confinement. *See* Tex. Fam. Code Ann. § 54.11(k).

D.J.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in which he asserts that after thoroughly reviewing the record, he has found "no errors warranting reversal that can be legitimately supported by the record." Counsel's brief meets the requirements of *Anders v. California.* 386 U.S. 738, 744–45, 87 S. Ct.

1396, 1400 (1967); *see In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying *Anders* procedure to juvenile proceedings). Counsel provided a copy of the brief to D.J., and he informed D.J. of his right to review the record and file a pro se response to the *Anders* brief. D.J. did not file a pro se response, and the State declined to file a brief.

As the reviewing appellate court, we must independently examine the record to decide whether an attorney is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After carefully reviewing the record and counsel's brief, we find nothing in the record that might arguably support the appeal; thus, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We therefore affirm the trial court's judgment and grant counsel's motion to withdraw.

Should D.J. wish to seek further review of this case, he must either file a pro se petition for review in the Texas Supreme Court or retain an attorney to file a petition for review in the Texas Supreme Court. *See* Tex. R. App. P. 53.2 (listing required contents of petition for review), 53.7(a) (providing that petition for review must be filed forty-five days after the date of this court's judgment or—if a timely motion for rehearing or timely motion for en banc reconsideration is filed in this court—within forty-five days of this court's last ruling on such motions).[1]

---

[1]D.J.'s court-appointed appellate counsel sent D.J. a letter along with a copy of the *Anders* brief, in which counsel mistakenly cited *Ex parte Owens*, 206 S.W.3d 670,

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  June 24, 2021

---

671 (Tex. Crim. App. 2006), in advising D.J. that he could file, in *this* court, a pro se petition for discretionary review to the Texas Supreme Court. To comply with his duty to inform D.J. of his right to seek further review of this court's decision, however, counsel must provide D.J. with correct information about how to do so.

4