

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,650-01

**EX PARTE EDIBERTO ANTONIO DELEON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 83201-CR IN THE 149TH DISTRICT COURT
### BRAZORIA COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding their right to file a *pro se* PDR following the resolution of their direct appeals. It appears that appellate counsel here failed to inform Applicant of the court of appeals' ruling on his direct appeal, thereby depriving him of his ability to pursue review in this Court. This situation happens far too frequently and is a troubling sign that some

appellate attorneys are failing to properly communicate with their clients (particularly those who are incarcerated) regarding their right to seek discretionary review.

## I.     Background

Following Applicant's conviction for murder in 2019, appellate counsel was appointed to represent him for his direct appeal. The court of appeals affirmed Applicant's conviction on August 24, 2021. *DeLeon v. State*, No. 01-19-00695-CR, 2021 WL 3728881 (Tex. App.—Houston [1st Dist.] Aug. 24, 2021, no pet.) (mem. op., not designated for publication). But, Applicant alleges that appellate counsel never informed him of the court of appeals' decision, thereby foreclosing Applicant's ability to timely pursue a *pro se* PDR with this Court. In fact, Applicant alleges that it was not until September 4, 2022, that he learned that his direct appeal was denied. And that information was provided to him by a family member who checked on the status of his appeal through the court's website.

In response to Applicant's allegations, appellate counsel filed an affidavit stating that it was his customary procedure to send a copy of the appellate court's decision to the defendant upon notification that an opinion had been issued, along with "comments concerning the decision and what the defendant may do in accordance with the decision." Despite this customary procedure, appellate counsel concedes that after reviewing all of his notes, he is "unable to find any evidence that [he] sent to [Applicant] notice that his case had been affirmed and notice that he could appear *pro se*." Appellate counsel further recognizes that Applicant should be entitled to "take advantage of all appellate rights."

## II.     Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, his appellate counsel still has the duty to advise him regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification **shall be sent certified mail**, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added).

Here, appellate counsel clearly failed to comply with the requirements of the appellate rules when he neglected to send Applicant a copy of the court of appeals' opinion, along with notification of Applicant's right to file a *pro se* PDR. Unfortunately, counsel's failure to properly advise Applicant has deprived Applicant of his opportunity to pursue an entire proceeding. *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006).

## III.    Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1).

Ultimately, appellate counsel's failure to adequately communicate with clients about the status of their direct appeals is unfair to clients and falls short of the standard for professionalism set forth in the disciplinary rules. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that, by bringing attention to this issue, appellate attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

With these comments, I join the Court's opinion.

Filed: April 26, 2023

Publish