

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,115-01

### EX PARTE JEFFERY MENDEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-15-301608-A IN THE 403RD DISTRICT COURT
### TRAVIS COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to once again emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding their right to file a *pro se* PDR following the resolution of their direct appeals. Here, appellate counsel wholly failed to fulfill this obligation, thereby depriving Applicant of his ability to pursue discretionary review in this Court. This

situation happens far too frequently and is a troubling sign that some appellate attorneys are failing to properly communicate with their clients (particularly those who are incarcerated) regarding their right to seek discretionary review.

## I.      Background

On November 2, 2017, Applicant was convicted of capital murder and sentenced to life imprisonment. Applicant's appointed appellate counsel timely filed an *Anders*[1] brief and a motion to withdraw. On February 21, 2019, the court of appeals issued its opinion in which it agreed with counsel that there were no arguable grounds for appeal, thereby resulting in affirmance of the trial court's judgment. *Mendez v. State*, No. 01-18-00067-CR, 2019 Tex. App. LEXIS 1310, 2019 WL 757854 (Tex. App.—Houston [1st Dist.] Feb. 21, 2019, no pet.) (mem. op., not designated for publication). Although the deadline to file a petition for discretionary review occurred 30 days later, no petition was timely filed. *See* TEX. R. APP. P. 68.2(a) (providing that petition for discretionary review must generally be filed within 30 days after issuance of the court of appeals' opinion).

In his instant post-conviction habeas application, Applicant alleges that appellate counsel never informed him of the court of appeals' decision or of his right to seek discretionary review in this Court. Instead, Applicant claims that, long after the deadline for filing a PDR had passed, he discovered the outcome of his direct appeal through a third party. Applicant now seeks relief in the form of an out-of-time PDR.

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

On January 19, 2023, the habeas court ordered appellate counsel to file an affidavit responding to the allegations. But, appellate counsel ignored the court's order and never filed an affidavit.[2] The habeas court ultimately found in Applicant's favor and recommended that this Court grant him the requested relief.

## II. Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has the duty to advise the defendant regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the

---

[2] According to the State Bar website, appellate counsel has been suspended for an administrative reason and is ineligible to practice law. A suspended license does not absolve him from complying with the habeas court's order. Moreover, when an attorney is ordered to provide an affidavit in response to an Applicant's habeas allegations and wholly fails to do so, that attorney violates his obligations under the Texas Rules of Professional Conduct as well as his oath and the Texas Lawyer's Creed. *See Ex parte Touchet*, 615 S.W.3d 160, 162 (Tex. Crim. App. 2021) (Slaughter, J., concurring) ("An attorney's complete failure to respond to claims raised against him not only hinders judicial economy, but in some instances may result in the Court's inability to fully and fairly decide a claim. Such a serious infraction warrants action by the habeas court. If the habeas court fails to take appropriate action, then this Court should do so or at least require habeas counsel to respond."). Even with a suspended license, counsel must fulfill his obligations or potentially risk losing his license altogether.

> defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). As Rule 48.4 clearly states, appellate counsel *must*: (1) send a copy of the court of appeals' opinion *and* notify the defendant of his right to pursue a *pro se* PDR "within five days after the opinion is handed down;" (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4. Unfortunately, appellate counsel here failed to fulfill any of these duties and, as a result, Applicant was deprived of his opportunity to pursue an entire proceeding. *See Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform defendant of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding"). Thus, I agree with the Court that the appropriate remedy under these circumstances is to put Applicant back in the position he would have been in but for appellate counsel's error by granting Applicant an out-of-time PDR.

## III. Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1).

Ultimately, appellate counsel's failure to properly communicate with his client about the status of his direct appeal is unfair to that client and falls short of the standard for professionalism set forth in the disciplinary rules. Not only this, but it also results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay abreast of case developments and properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that, by bringing attention to this issue, appellate attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

With these comments, I join the Court's opinion.

Filed: September 13, 2023

Publish