

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-94,371-02

---

### EX PARTE CORY ROSS, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-31175-Q(A) IN THE 204TH DISTRICT COURT
### DALLAS COUNTY

---

**SLAUGHTER, J.,** filed a dissenting opinion.

### <u>DISSENTING OPINION</u>

I join Judge Yeary's dissenting opinion. But I write separately because although Applicant is not ultimately entitled to relief here, that does not change the fact that appellate counsel was deficient for failing to timely notify Applicant of the court of appeals' decision. In numerous recent opinions, I have highlighted this issue because it represents a recurring theme in our post-conviction habeas cases and is a troubling sign that some appellate attorneys are both failing to keep abreast of case developments and failing to communicate with their clients about the process for seeking discretionary review. Therefore, I want to again emphasize the importance of appellate counsel's duty to provide

timely and accurate information to clients regarding their right to file a *pro se* PDR following the resolution of their direct appeals.

## I.     Background

In 2015, after Applicant was adjudicated guilty of injury to a child, appellate counsel filed Applicant's direct appeal. On March 11, 2016, the court of appeals issued its opinion affirming the trial court's judgment. *Ross v. State*, No. 05-15-00351-CR, 2016 WL 929277 (Tex. App.—Dallas Mar. 11, 2016, no pet.) (mem. op., not designated for publication). In his instant post-conviction habeas application, Applicant alleges that his appellate counsel did not inform him of the court of appeals' opinion until June 9, 2016—three months after the opinion was handed down. This was two months too late to file a petition for discretionary review in this Court. *See* TEX. R. APP. P. 68.2(a) (providing that a petition for discretionary review must generally be filed within 30 days of the date of the court of appeals' opinion). In appellate counsel's letter to Applicant, she implicitly acknowledged that she was late in notifying Applicant of the appellate court's decision. She explained that she "did not receive an email from the court [of appeals] when the opinion was handed down in March, and [she does] not have record of receiving the notice from the court." She then advised Applicant that he may be able to obtain an out-of-time PDR from this Court by filing an application for a post-conviction writ of habeas corpus. Appellate counsel included a blank Article 11.07 habeas application with her letter.

## II.     Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This

right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has the duty to advise the defendant regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). As Rule 48.4 clearly states, appellate counsel *must*: (1) send a copy of the court of appeals' opinion *and* notify her client of his right to pursue a *pro se* PDR "within five days after the opinion is handed down;" (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4.

Appellate counsel's actions here failed to satisfy the standards set forth by Rule 48.4. Even if we credit appellate counsel's explanation that she did not receive timely notice of the appellate court's decision, as required by the Rules of Appellate Procedure, *see* TEX. R. APP. P. 48.1, appellate counsel still had an obligation to stay abreast of the status of Applicant's case. With online case status updates being readily available through

the appellate courts' websites, there is no justification for relying solely upon the appellate courts' notification processes to keep track of cases. Further, even accepting that some delay in notifying Applicant would have been justified had counsel not immediately received notice of the court of appeals' decision, it took counsel *three months* after the court's decision to notify Applicant. Thus, even allowing for some grace period here, as the Rules of Appellate Procedure do,[1] the delay in notifying Applicant in this case was, by any measure, excessive. Counsel's failure to abide by Rule 48.4 deprived Applicant of his opportunity to pursue an entire proceeding. *See Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform a client of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding").

## III.    Appellate Counsel's Duties Under the Rules of Professional Conduct

---

[1] The Rules of Appellate Procedure allow for an extension of the deadline for filing a PDR when a party has not received notice or actual knowledge of the appellate court's decision within the time period for filing. But such a request for extension must be filed within 90 days of the court's judgment. Rule 4.5, entitled "No Notice of Judgment or Order of Appellate Court; Effect on Time to File Certain Documents," provides:

> (a) Additional Time to File Documents. A party may move for additional time to file . . . a petition for discretionary review, if the party did not—until after the time expired for filing the document—either receive notice of the judgment or order from the clerk or acquire actual knowledge of the rendition of the judgment or order.

> (b) Procedure to Gain Additional Time. The motion must state the earliest date when the party or the party's attorney received notice or acquired actual knowledge that the judgment or order had been rendered. The motion must be filed within 15 days of that date but in no event more than 90 days after the date of the judgment or order.

> . . .

> (d) Order of the Court. If the court finds that the motion for additional time was timely filed and the party did not . . . receive the notice or have actual knowledge of the judgment or order, the court must grant the motion. The time for filing the document will begin to run on the date when the court grants the motion.

TEX. R. APP. P. 4.5.

More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1).

Ultimately, appellate counsel's failure to timely advise Applicant regarding his right to pursue a *pro se* PDR fell short of the standards for professionalism set forth in the disciplinary rules. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, it is my ethical obligation to bring attention to this issue so that all attorneys may be reminded of the effect of failing to stay on top of their cases and properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). By bringing attention to this issue, perhaps this attorney and other appellate attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

Despite the foregoing, for the reasons already addressed in Judge Yeary's dissenting opinion, Applicant should not be afforded the opportunity to pursue an out-of-time PDR at this late juncture. Therefore, I would deny relief.

Filed: September 20, 2023

Publish