

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-92,099-01

### EX PARTE JUAN CARLOS BARRERA-MAGANA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1338054-A IN THE 338TH DISTRICT COURT
### OF HARRIS COUNTY

SLAUGHTER, J., filed a concurring opinion.

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time petition for discretionary review. But given the egregious behavior of counsel in this case, and the surprising findings of the habeas court, I write separately to advise others on how to avoid needless, inefficient, wasteful, and unjust post-conviction litigation.

## I.     Background

On December 4, 2014, Applicant was convicted of murder and sentenced to life imprisonment. The trial court appointed appellate counsel to represent Applicant on direct appeal. On December 17, 2015, the court of appeals issued its opinion affirming the trial court's judgment. *See Barrera-Magana v. State*, No. 01-14-00982-CR, 2015 WL 9241744 (Tex. App.—Houston [1st Dist.] Dec. 17, 2015, no pet.) (mem. op., not designated for publication). The deadline to file a petition for discretionary review occurred 30 days later, but no petition was filed. *See* TEX. R. APP. P. 68.2(a) (providing that a PDR "must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for *en banc* reconsideration was overruled by the court of appeals").

On September 4, 2019, Applicant filed the instant application for post-conviction habeas relief seeking leave to file an out-of-time PDR based on ineffective assistance of appellate counsel.  In ground one, Applicant alleged that appellate counsel failed to file a PDR on his behalf, despite the fact that counsel informed him in writing that she would do so. In ground two, Applicant alleged that appellate counsel was deficient for failing to inform him of his right to file a *pro se* PDR. In support of both grounds, Applicant included a copy of a letter he received from appellate counsel shortly after issuance of the court of appeals' opinion. The letter states:

Dear Mr. Barrera-Magana,

The Court of Appeals found that there were no errors made by the trial court. Therefore, your case was not reversed and the judgment of conviction stands.

These are your legal options:

1)     File a Petition for Discretionary Review (PDR) asking the Court of Criminal Appeals in Austin, Texas to review the ruling of the Court of Appeals in Houston, Texas. This petition must be filed within 30 days of the Court's ruling, which is Tuesday January 19, 2016. I will file this petition for you.

2)     Apply for a Writ of Habeas Corpus, pursuant to Article 11.07 of the Code of Criminal Procedure. A writ of habeas corpus is the remedy to be used when any person is restrained in his liberty, i.e., incarcerated. You must hire an attorney to file a writ for you as the courts do not appoint attorneys to file writs unless you've received the death penalty. You may also file the writ yourself.

I have enclosed the opinion from the Court of Appeals.

Based on this letter, Applicant understandably believed that appellate counsel would file the PDR on his behalf. Applicant alleged that, when he attempted to follow up with counsel regarding the status of his PDR by sending her "numerous letters," counsel never responded. Eventually, Applicant inquired with this Court and received notification from the Clerk that no PDR had been filed.

In January 2022, the habeas court ordered appellate counsel to file an affidavit responding to Applicant's claims within 30 days. Appellate counsel did not respond for 18 months. Even then, counsel responded only after the habeas court issued an order for a show-cause hearing compelling her to do so. In counsel's affidavit, she stated that she had no independent recollection of Applicant's case, but that she had previously researched the allegations in response to a grievance Applicant filed with the State Bar of Texas in 2020.[1] In response to Applicant's claim that he believed appellate counsel would file his PDR,

---

[1] As of the date of this opinion, the State Bar of Texas has taken no public action against appellate counsel.

appellate counsel acknowledged that her letter stated, "I will file this petition for you," but she averred that the letter contained a "typo" and should have instead read, "I will *not* file this petition for you." Counsel explained that, upon discovering this "typo" in 2020 during the State Bar grievance proceedings, she sent Applicant instructions for how to seek "an out-of-time PDR and enclosed three copies [of a proposed motion] with postage paid envelopes addressed to the Court of Appeals and the District Attorney's office." Counsel alleged that it was her usual practice to "never to file a PDR [on a defendant's behalf], unless it was one of the rare occasions that I felt it was meritorious." But in this instance, she "did not feel it was meritorious[.]" Counsel also alleged that her letter provided Applicant with adequate "instructions on how to file a PDR" and explained that he could do so *pro se*.

Surprisingly, in its findings of fact and conclusions of law, the habeas court found appellate counsel's affidavit to be credible and the facts contained therein to be true. The court determined that, while counsel's "typo" resulted in Applicant incorrectly believing that counsel would file the PDR, Applicant was not prejudiced by counsel's error. Specifically, the court reasoned that, even if the letter had not contained the typo, Applicant was not credible in stating that he would have pursued a *pro se* PDR and, in any event, he had not pointed to any possibly meritorious grounds that he would have raised. Accordingly, the habeas court recommended that Applicant should be denied an out-of-time PDR.

II. **Appellate Counsel's Duties After Defendant's Conviction is Affirmed on Direct Appeal**

Because it is abundantly clear that counsel's actions unfairly deprived Applicant of his ability to pursue a PDR in this Court, I join the Court's opinion rejecting the habeas court's recommendation and granting Applicant relief. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) (*per curiam*) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel.").

Counsel represented to Applicant in unequivocal terms that she would file the PDR on his behalf, but then failed to do so. Although Applicant was not constitutionally entitled to counsel's assistance in filing a PDR, *see id.* at 27, once counsel informed Applicant that she would assist him in that regard, she could not simply fail to carry out her commitment. Regardless of counsel's explanation that her letter to Applicant contained a "typo," Applicant was entitled to rely on counsel's assurance in the letter. Because counsel made that assurance, Applicant had no reason to believe it necessary to take any additional steps to pursue a PDR on his own. Moreover, it is not credible that this was simply a "typo." First, counsel's letter did not provide that Applicant had the right to file a *pro se* PDR, but it did inform him that he had the right to file a *pro se* writ of habeas corpus. Had this been merely a typo, counsel would have informed Applicant of his right to file *pro se* for both a PDR and a writ. Second, Applicant sent counsel several letters inquiring about the PDR she promised to file on his behalf, thereby placing her on notice of the "typo." Despite this notice, counsel failed to correct the "typo" until after Applicant filed the instant writ and filed a grievance with the State

Bar.[2] Based on counsel's promise to file a PDR for Applicant, counsel's conduct deprived Applicant of his right to pursue a PDR, and Applicant is plainly entitled to relief.

Additionally, assuming for the sake of argument that we could somehow overlook counsel's unfulfilled promise to file Applicant's PDR, Applicant would still be entitled to relief here because counsel did not properly advise Applicant of his right to pursue a *pro se* PDR. The habeas court should have noted this fact and recommended granting relief, even if it actually believed counsel's affidavit was credible. As I have highlighted in numerous recent opinions, Rule of Appellate Procedure 48.4 clearly sets out counsel's duties after issuance of the court of appeals' opinion. The rule states:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy

---

[2] I must also note, while not necessarily material, I am very disappointed with the habeas court's determination as to counsel's credibility in this matter. As discussed in the paragraph above, counsel's assertion that her letter contained a typographical error and that she instead intended to tell Applicant, "I will *not* file this petition for you," is not supported by the record. Viewing the letter as a whole, in contrast with the minimal information counsel provided about the PDR process, she fully instructed Applicant on the process for filing an Article 11.07 habeas writ by advising him that he was not entitled to counsel for that proceeding and may need to hire an attorney or could file the application himself. If counsel truly never intended to file Applicant's PDR, then she would have provided similar instructions for the PDR process—including advising Applicant that he was not entitled to counsel for that proceeding but could hire an attorney to file the PDR, or could do so himself. The fact that counsel did not provide any such similar instructions for filing a PDR undermines her credibility in this matter. Counsel's credibility is also called into question by her failure to respond to Applicant's letters inquiring about the PDR, as well as her more than 18-month delay in responding to Applicant's habeas allegations. The habeas court incorrectly found counsel's affidavit credible.

of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of appeal.

TEX. R. APP. P. 48.4 (emphasis added). Thus, to comply with this rule, appellate counsel *must*: (1) send the defendant a copy of the court of appeals' opinion and notify the defendant, in writing, of his right to pursue a *pro se* PDR "within five days after the opinion is handed down;" (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4. Here, appellate counsel's correspondence to Applicant referenced the "legal option" of filing a PDR, but, contrary to appellate counsel's assertions, it made no mention of Applicant's right to do so *pro se*. Thus, even setting aside the issue of counsel's credibility and the purported misunderstanding caused by the "typo," counsel's failure to fully advise Applicant about his *pro se* PDR rights constitutes an independent basis for finding counsel deficient here. *See Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform a client of his right to pursue a *pro se* PDR "deprive[d] him of an entire proceeding").

In recommending that this Court deny relief in spite of the foregoing, the habeas court reasoned that Applicant was not credible in stating that he would have pursued a *pro se* PDR had counsel properly advised him of his right to do so. Specifically, the habeas court noted that: (1) Applicant did not file the proposed "motion for out of time PDR" that appellate counsel sent to Applicant in 2020, and (2) Applicant did not identify any potentially meritorious issues that he would have raised on PDR. Both of these rationales lack merit. As to the first, by the time counsel contacted Applicant in 2020 to advise him

to file a "motion for out of time PDR," Applicant had already filed the instant Article 11.07 application seeking that same relief. Moreover, the procedural vehicle that appellate counsel recommended (filing a motion with the First Court of Appeals) was incorrect and thus any such filing would have been ineffectual—only this Court can grant an out-of-time PDR years after issuance of the court of appeals' opinion. In short, there is nothing in this record to refute Applicant's statement that he wished to pursue a PDR, and the habeas court's finding to the contrary is unsupported.

As to the second rationale, the habeas court's reasoning is erroneous under our caselaw. We have explained that when counsel's conduct leads to the deprivation of an entire proceeding, prejudice is shown simply by demonstrating that the applicant would have availed himself of that proceeding, not that he would have ultimately prevailed on the merits. *See, e.g.*, *Owens*, 206 S.W.3d at 675 (explaining that, to establish prejudice stemming from a claim that counsel's error deprived the defendant of an entire proceeding, all the defendant must show is that he would "indeed have pursued that [proceeding]. He need not also show 'some likelihood of success on appeal'") (quoting *Rodriquez v. United States*, 395 U.S. 327, 330 (1969)). The habeas court's observation that Applicant has not identified any potentially meritorious grounds for relief on PDR is immaterial to the issue before us in this habeas proceeding.

In sum, the record here clearly reflects that the promises counsel made to Applicant, combined with counsel's failure to advise Applicant of his right to file a *pro se* PDR, unfairly caused Applicant to forfeit his right to pursue a PDR. Counsel's conduct not only justifies granting Applicant relief, it also implicates principles of professionalism in dealing

with both clients and the court.[3] And while counsel's error can be "fixed" by allowing Applicant to file an out-of-time PDR, this "fix" is not without consequences. In addition to significantly delaying resolution of Applicant's legal claims, counsel's error has also resulted in the habeas court and this Court having to expend resources to undo the effects of this very avoidable error. While the errors that occurred in this case are particularly egregious, and are hopefully rare among attorneys across the state, this case serves as yet another reminder for all appellate attorneys of the effect of failing to stay on top of their responsibilities. It is my hope that by bringing attention to this issue, attorneys will implement practices to help reduce the need for such corrective post-conviction litigation in the future.

With these comments, I join the Court's opinion granting Applicant relief.

Filed: November 22, 2023

Publish

---

[3] *See, e.g.*, Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b) ("A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information;" "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."); R. 1.01(b)(1) ("In representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer."); R. 3.02, "Minimizing the Burdens and Delays of Litigation" ("[A] lawyer shall not take a position that unreasonably increases the costs or other burdens of the case or that unreasonably delays resolution of the matter."); R. 3.03(a), "Candor Toward the Tribunal" ("A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal[.]").